IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OMAR F. BARNES,

    Petitioner,

vs.                                                     Case No. 4:07cv197-MP/WCS

STEVEN SINGER, et al.,

    Respondent.

    _____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Barnes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with exhibits in support. Docs. 1 and 2. The court granted leave to proceed in forma pauperis and directed Petitioner to show cause, if any there be, why the petition should not be summarily dismissed. Doc. 7 (repeated in part below, otherwise incorporated by reference). Petitioner filed a response and a notice of inquiry asking the status of the response. Docs. 10 and 11.

Petitioner was and remains incarcerated at the Columbia Correctional Institution, located in the Middle District of Florida.[1] He is in Florida custody pursuant to his conviction out of the Circuit Court in Escambia County for first degree murder with a firearm, a capital felony, under FLA. STAT. §§ 782.04(1)(a)(1) and 775.087.  Doc. 2, Ex. E (pp. 16-21 in the Electronic Case Filing system, ECF) (judgment entered April 6, 2005).  A person convicted of a capital felony, when not punished by death, is punished with a life sentence without possibility of parole.  FLA. STAT. § 775.082(1).  Petitioner received a mandatory minimum term of life pursuant to § 775.087.  Doc. 2, p. 19 in ECF.

Before his Florida conviction, Petitioner was charged with murder in Texas committed on or about October 20, 2002.  Doc. 2, Ex. A (indictment filed on August 25, 2004).  Petitioner states that he refused to sign extradition papers be cause he "saw no need to start a trial process over in another state."  Doc. 1, p. 2.  Texas extradited him, resulting in the second conviction.  Petitioner was sentenced to 99 years in Texas.  *Id.*, p. 3.  As set forth in the prior order, it is clear from his claims that Petitioner is challenging the Texas conviction in the case at bar.  Doc. 7, pp. 2-3.  His direct appeal from this conviction is pending in a Texas appellate court.  *Id.*, p. 2.

Challenges to his extradition, or claims of violations of the Interstate Agreement on Detainers Act (IAD), are not cognizable under § 2254 absent a complete miscarriage of justice or fundamental defect.  *Id.,* p. 3 (collecting cases, incorporated herein by reference).  Moreover, Petitioner has not exhausted remedies available in Texas.  *Id.*,

---

[1] A 42 U.S.C. § 1983 case filed by Petitioner was recently transferred to the Middle District.  4:07cv199-WS/WCS (doc. 11, entered on the docket on August 3, 2007).

pp. 3-4 (noting that to properly exhaust, Petitioner must invoke one complete round of state court review) (citations omitted).

Petitioner claims that he should be permitted to bypass state remedies as there is no limit on the time the Texas appellate court may take to decide his appeal, and he may spend "unnecessarily long periods of time waiting for the state courts to decide this case." Doc. 1, pp. 7-8. In my prior order, I noted that the fact of delay in state court, which could occur in this court as well, does not demonstrate an absence of state corrective process or render the process ineffective to protect his rights. *Id.*, p. 4. Particularly as Petitioner is serving a mandatory life sentence without possibility of parole in Florida, and his trial is over in Texas, "waiting" for a decision in the Texas direct appeal does not seem prejudicial. *Id.*

Petitioner responds in part by repeating his various challenges to the Texas judgment. Doc. 10, pp. 1-13. He then claims:

> There is an [absence] of available state corrective process because petition[er] has no access to Texas law and is preclud[ed] from raising issues on appeal, leaving Texas appellate [counsel] to continue to render ineffective assistance; and there exist circumstances that render such process ineffective to protect petitioner's rights pursuant to 28 U.S.C. § 2254[(b)(1)](B)(i) and (B)(ii).
>
> Denying petitioner relief by not issuing [a] writ of habeas corpus directed to the Bexar County Criminal District Attorney, puts petitioner back in [the] same "catch 22" of again having to appeal and dispute two active case[s] in two separate [states] at the same time; and is basically being held to choose the mean between two extremes. One extreme is to sacrifice the Florida appeal in order to go to Texas, learn the state law and then appeal [the] judgement only to be burdened by the natural life sentence awaiting in Florida. Or the other extreme of allowing ineffective counsel to have petitioner procedurally barred from seeking post-conviction relief while trying to appeal the judgement in Florida while being burdened with the 99 years and $10,000.00 fine awaiting in Texas. Justice can not prevail under these circumstances.

Case 4:07-cv-00197-MP-WCS   Document 12   Filed 09/06/07   Page 4 of 6

Page 4 of 6

*Id.*, pp. 14-15.

Petitioner has counsel representing him on appeal in the Texas case. His concerns seem to be the potential delay in the Texas appeal, that appellate counsel will be ineffective in the Texas appeal and fail to preserve issues, and that he will have to litigate his challenges to the Texas and Florida convictions at the same time. As previously noted, possible delay in resolution of the Texas direct appeal is not a reason to excuse exhaustion. The fact that Petitioner will have to litigate two challenges at the same time is not persuasive either. He is pursuing his Texas claims right now in this court at (presumably) the same time he is challenging his Florida conviction.

A claim that counsel will, in the future, provide ineffective assistance is purely speculative. If appellate counsel is ineffective, and after that process is final, Petitioner may pursue relief based on this ineffectiveness in state court, as he would have to pursue ineffective assistance of trial counsel in state court before seeking § 2254 relief.[2] On cursory review it appears that, after an appeal, the exclusive remedy in Texas is by

---

[2] A petitioner has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). Any ineffectiveness claims must be pursued in state court by post conviction motion followed by an appeal. *See, e.g.*, Grubbs v. Singletary, 120 F.3d 1174, 1178 (11th Cir. 1997), *cert. denied*, 523 U.S. 1060 (1998) (where petitioner did not present specific instances of ineffective assistance he presented by § 2254 petition, and would be precluded from presenting them by state law in a successive postconviction motion, he had to demonstrate cause and prejudice for the default) (citations omitted); LeCroy v. Secretary, Florida Dept. of Corrections, 421 F.3d 1237, 1260 and n. 24 (11th Cir. 2005), *cert. denied*, 546 U.S. 1219 (2006) (discussing exhaustion requirement that federal claim be fairly presented to the state court; finding that substantive claim based on a "lock-up statement" was "separate and distinct from an ineffective-assistance-of-counsel claim based on the failure to object to, or appeal, the trial court's lock-up statement," for default purposes) (citations omitted).

petition for writ of habeas corpus filed with the clerk of the court of conviction,[3] with the filing of a second or successive petition strictly limited. Tex. Code Crim. Proc. Art. 11.07, §§ 3 and 4 (2007). Petitioner should inquire of appellate counsel of possible remedies in the Texas courts after appeal, and whether pro se forms are available.

After Petitioner exhausts state remedies and is ready to file a § 2254 petition, the petition challenging his future custody "must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." § 2254 Rule 2(b).[4] Petitioner should file the petition in the district of his confinement (currently he is confined in the Middle District of Florida) or the Western District of Texas. *See*, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-500 and n. 15, 93 S.Ct. 1123, 1131-32 and n. 15, 35 L.Ed.2d 443 (1973) (petitioner in Alabama custody could challenge Kentucky detainer by petition filed in the Western District of Kentucky, noting that this did not preclude concurrent jurisdiction by the district of confinement); Rumsfeld v. Padilla, 542 U.S. 426, 438, 124 S.Ct. 2711, 2719-20, 159 L.Ed.2d 513 (2004) (under Braden, "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody,'" but the immediate custodian rule governs in challenges to present physical confinement).

---

[3] The address of the Bexar County Courthouse is 100 Dolorosa, San Antonio, Texas, 78205.

[4] This "is appropriate because no one will have custody of the petitioner in the state of the judgment being attacked, and the habeas corpus action will usually be defended by the attorney general. The attorney general is in the best position to inform the court as to who the proper party respondent is." Advisory Committee Notes to subdivision (b) of Rule 2.

Case No. 4:07cv197-MP/WCS

Petitioner is also advised there is a one year time limit for filing a § 2254 petition which generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," and is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A)[5] and (d)(2). The time during which a federal habeas corpus petition (like this one) is pending does not toll the period with respect to a subsequent petition. § 2244(d)(2); <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001).

It is therefore respectfully **RECOMMENDED** that this § 2254 petition, challenging Petitioner's future custody in Texas, be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on September 6, 2007.

<u>s/    William C. Sherrill, Jr.</u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[5] There are later possible commencement dates for the one year period, set forth in § 2244(d)(1)(B) - (D).

Case No. 4:07cv197-MP/WCS